## GORDON *v.* RUNDLETT *& a.*

An agreement in this form : " March 28, 1846—Due to S. G. $10,000, to be paid as wanted for her support ; if no part is wanted, it is not to be paid, S. S." is not a promissory note, nor evidence of a debt. The holder of it is not liable to be taxed for money at interest.

The list of taxes committed to a collector must be signed by the selectmen.

TRESPASS. The declaration alleges, that the defendants, at Stratham, on the 9th of January, 1850, assaulted, beat and imprisoned the plaintiff, until she paid $100.

The plea is the general issue, with a brief statement that the defendants were selectmen and assessors of the town of Epping for the year 1847; that the plaintiff then resided there, and was liable to be taxed; that they legally assessed against her a tax amounting to $68$\frac{14}{100}$, and gave their warrant to J. P. Tilton, collector of taxes for Epping, in due form, who collected the tax, &c.

The defendants admit that the plaintiff was arrested, as alleged in the declaration, on their warrant, and was compelled to pay a tax and costs amounting to $78,30.

It appears by the records of the town of Epping, that the defendants were selectmen of that town in 1847, and that there were no assessors of taxes that year. In April, 1847, Mr. Rundlett, one of the defendants, called at the house of the plaintiff, in Epping, and told her that he wanted an account of her taxable property. She replied that she had $170 money at interest, and no more. He asked her if that

---

---

was all the taxable property she had, and she said it was; and in answer to his inquiry she further said, that she had a large note, but that was not taxable, and she offered to show it to him. He said it was no matter. The plaintiff held at that time a note against one Gordon for $170, and she had no other property taxable in Epping, unless the agreement or note, of which the following is a copy, and which is the same referred to in her answer to Mr. Rundlett, was taxable:

"Stratham, March 28th, 1846.

Due to Sophia Gordon, widow, ten thousand dollars, to be paid as wanted for her support. If no part is wanted, it is not to be paid.

STEPHEN SCAMMON."

The agreement above recited was given under the following circumstances: Scammon married the only daughter of J. S. Gordon, late of Epping. Said Gordon, in the spring of 1845, and shortly before his decease, told Scammon he would give him a deed of all his property, if Scammon would give a note to his wife, the plaintiff, for $10,000, which should lie on interest at a certain rate per annum. Scammon made the note and delivered it to Mrs. Gordon, but J. S. Gordon died without making the deed. Mrs. Gordon, however, conveyed to Maria R. Scammon, wife of said Stephen Scammon, her rights in the estate of her late husband, by deed, dated January 18th, 1848.

Mrs. Gordon continued to hold the note till March, 1846, when Scammon insisted she should give it up, and told her he would sell the property at auction and pay it, if she did not. She gave up the note, and Scammon gave her in place of it the agreement above recited.

The defendants assessed the plaintiff in the taxes in Epping that year, as follows:

"1847. Sophia Gordon, money on hand, at interest, and

Gordon *v.* Rundlett.

on deposit, $10,170. State, county, town and school tax, $68,14; highway tax, $16,27."

They committed the list of taxes to their collector, to whom the plaintiff voluntarily paid $1,34, and by whom she was arrested, imprisoned in the county jail, and compelled to pay the balance of the tax, with costs.

The warrant by which the taxes were committed to the collector, was in due form; and it referred to the foregoing list of taxes as a correct list of the assessment on the ratable polls and estate of the inhabitants of Epping; but the list was not signed, or otherwise certified by the selectmen.

Upon the foregoing facts it is agreed that the court may render such judgment as they think just.

*Hatch*, for the plaintiff.

*McMurphy* and *Marston*, for the defendant.

BELL, J. In the case of *Scammon* v. *Scammon & a.*, at the present term, it was held that the writing called a note has none of the qualities of a promissory note. It is an admission of a special agreement to pay Mrs. Gordon such sum as should be wanted for her support, to the amount of $10,000. It is not evidence of any debt to any amount, since if no part of the money is wanted for her support, no part of it is to be paid. It is merely contingent, whether anything will be payable. The instrument is a very informal agreement to pay for the support of Mrs. Gordon, if she should need it, to the amount of $10,000. It furnished no pretext for a tax on $10,000, or any other amount of money at interest. The tax was, consequently, illegal, and the arrest of the plaintiff under it cannot be justified.

By the case of *Chase* v. *Sparhawk*, 2 Foster's Rep. 134, it was decided that by the language of the statutes the list

of taxes committed to the collector must be signed by the selectmen, and for this cause, also, the justification fails.

*Judgment for the plaintiff for $78,30, and interest.*